# Linda Rzesniowiecki

ATTORNEY AT LAW

11 Park Place, Suite 606 • New York, NY 10007

tel. 646.861.5757
fax. 646.861.5755
linda@landlordtenantlaw.net
www.landlordtenantlaw.net



RECEIVED
FEB 1 6 2012
U.S. BANKRUPTCY COURT, SDNY

BY FEDERAL EXPRESS

February 15, 2012

Judge Stuart M. Bernstein
US Bankruptcy Court, SDNY
One Bowling Green
New York, NY 10004-1408

Judge Shelley C. Chapman
US Bankruptcy Court, SDNY
One Bowling Green
New York, NY 10004-1408

Judge Robert E. Gerber
US Bankruptcy Court, SDNY
One Bowling Green
New York, NY 10004-1408

RE:  Banco Popular v Zingarella Realty et. al.
Supreme Court, New York County Index No. 109089/2007
Foreclosure Proceeding
Subject Premises: 323 East 58th Street, New York, New York

Dear Honorable Judges:

    I was appointed Referee to Sell the above-mentioned premises by Order of Justice Marcy Friedman of the Supreme Court, New York County, order dated September 9, 2010 (copy enclosed). This afternoon, at about 3:00 pm, I did indeed conduct said sale (premises sold to Banco Popular) despite the fact that Paul Quantano served me with a Bankruptcy Petition, filed on February 15, 2012 at 12:35 pm, prior to the time I conducted the sale.

    I believed and still believe that I was entitled to conduct that sale pursuant to an Order of Justice Robert E. Gerber, filed February 15, 2012 at 9:04 am (copy enclosed). See especially the second page of said Order.

    I also enclose a copy of the Order of Justice Shelly C. Chapman.

Prior to today's sale, I attempted to sell the subject premises on three or four occasions but, on each occasion, I was stayed by a bankruptcy filing.

Do not hesitate to contact me with any comments or questions regarding this matter.

Respectfully yours,

Linda Rzesniowiecki

cc:

Paul Quantano
323 East 58th Street
New York, NY 10022

Carol Newkirk
323 East 58th Street
New York, NY 10022

Sally Unger, Esq.
Attorney for Linda Rzesniowiecki
217 Broadway Suite 401
New York, NY 10005

Claudio Dessberg, Esq.
Sankel Skurman & McCartin, LLP
Attorneys for Banco Popular
750 Third Avenue 29th Floor
New York, NY 10017

Jorge Delgado, Esq.
Attorney for Carol Newkirk
325 West 45th Street Suite 201
New York, NY 10036-3803

Justice Marcy Friedman

SANKEL, SKURMAN & MC CARTIN, LLP
Attorneys for Banco Popular North America
750 Third Avenue, 29th Floor
New York, New York 10017
(212) 682-2288
Claudio Dessberg (CD-0873)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

    CAROL W. NEWKIRK,

              Debtor.

------------------------------------------------------X

Chapter 7

Case No.: 11-12114 (REG)

**ORDER**

Upon the motion of Banco Popular North America (hereafter, the "Bank"), dated January 17, 2012, requesting an Order enjoining debtor Carol W. Newkirk ("Debtor") from transferring any ownership, leasehold or other interest in a certain commercial real property located at 323 East 58th Street, New York, New York (the "Premises") to any other individual or entity pending the Bank's completion of a foreclosure sale in a pending state court foreclosure action, which action is known as *Banco Popular North America v. Zingarella Realty Corp., et al.*, New York State Supreme Court, County of New York, Index No. 109089/07 (hereafter the "Foreclosure Action"), and there being no opposition to the motion, and the motion having regularly come to be heard before this Court on January 31, 2012 (the "Hearing Date"), and Claudio Dessberg, Esq. of Sankel Skurman & McCartin, LLP having appeared at the Hearing Date in support of the motion on behalf of the Bank, and Vivian A. Williams, Esq. having appeared at the Hearing Date in support of his application to withdraw as attorney of record for the Debtor, and Debtor having failed to appear at the Hearing Date, and good cause appearing therefor, it is hereby

ORDERED, that pursuant to Bankruptcy Code Section 362 and this Court's inherent authority to enforce its prior Orders and to issue *in rem* Orders, this Court's prior Order dated July 5, 2011, which granted the Bank's prior motion for relief from the automatic stay provisions of the Bankrutpcy Code so as to permit the Bank to proceed with the pending Foreclosure Action (the "Lift Stay Motion") was intended to grant relief, and shall hereby grant relief not only with respect to the particular Debtor in this case, but also with respect to the Premises that were the subject of the Lift Stay Motion and are the subject of the motion at bar, so that the automatic stay provisions of the Bankruptcy Code shall not apply to stay the Foreclosure Action, including the auction and subsequent sale of the Premises, regardless of who owns or claims to own title to or any interest in the Premises; and it is further

ORDERED, that if Debtor takes any steps to transfer title to or any interest in the Premises, as set forth above, the Bank may file an Application with and request a hearing from this Court, upon two weeks notice to Debtor, for the imposition of sanctions against Debtor. In the event such Application is filed, Debtor shall have three days to respond to such Application, and the Bank shall have a right to serve and file reply papers prior to the hearing date on the Application.

Dated: New York, New York
February 15, 2012

s/ Robert E. Gerber
THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

    THE ARTIST AUCTION CENTER,         ORDER

                    Debtor.                         Chapter 7

                                                         Case No. 11-14218 (SCC)
-----------------------------------------------------------X

        UPON the Motion of Banco Popular North America (hereafter, the "Bank") dated December 9, 2011, requesting an Order pursuant to 11 U.S.C. §§ 362(d)(1) and/or (d)(2) and or (d)(3) confirming that the automatic stay does not apply to or affect a certain pending state court foreclosure action filed by the Bank in the New York State Supreme Court, County of New York, with respect to certain premises located at 323 East 58th Street, New York, New York (hereinafter the "Premises"), which action is known as *Banco Popular North America v. Zingarella Realty Corp., et al.*, Index No. 109089/07 (hereinafter the "Foreclosure Action"), or, in the alternative, vacating the automatic stay, or, in the alternative, for an Order pursuant to 11 U.S.C. § 1112(b) dismissing this bankruptcy case, and upon the Response of John S. Pereira, Esq., the Chapter 7 Trustee appointed in this case, consenting to the relief requested in the Motion, and there being no opposition to the Motion, and the Motion having been heard before this Court on January 5, 2012 (the "Hearing Date"); and Claudio Dessberg, Esq. of Sankel, Skurman & McCartin, LLP, having appeared at the Hearing Date in support of the Motion on behalf of the Bank, and John S. Pereira, Esq., the Chapter 7 Trustee appointed in this bankruptcy case, having appeared at the Hearing Date and having stated on the record that he had no objection to entry of an Order confirming that the automatic stay is not applicable to the Foreclosure Action, and the debtor The Artist Auction Center (hereinafter, "Debtor") having failed to appear at the Hearing Date; and

        UPON the certificates of service filed with this Court and the representations presented at

the Hearing Date that: (a) service of the Motion on Debtor was attempted on December 9, 2011 by Federal Express overnight delivery addressed to Debtor at 323 East 58th Street, New York, New York, the address set forth by Debtor in its petition filed in this case and listed as the Debtor's address with the New York Secretary of State; (b) that the resident at such address refused to accept the Motion from Federal Express, claiming that Debtor did not reside there; (c) that the Motion was further served on Debtor on December 13, 2011 by Certified Mail, Return Receipt Requested, addressed to the aforesaid address; (d) that the resident at such address signed the Certified Mail receipt upon delivery of same, and then crossed out his signature on the receipt and refused to accept the Motion; and (e) that the Motion was further served on Debtor on December 13, 2011 by regular mail, addressed to the aforesaid address, and such mailing has not been returned to sender by the United States Post Office; it is hereby

ORDERED, that the automatic stay of the Bankruptcy Code is not applicable to the pending Foreclosure Action and that the Bank may proceed with the auction of the Premises as well as all other proceedings in the Foreclosure Action; and it is further

ORDERED, that if Debtor takes any further steps to interfere with or further delay the Foreclosure Action, it will be subject to a further Order of this Court, upon motion filed by the Bank on notice to Debtor, imposing sanctions and costs on Debtor and its principals and holding Debtor and its principals in contempt of this Court.

Dated: January 18, 2012
New York, New York

/s/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

2